```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF TEXAS
            HOUSTON DIVISION

GERALDINE COBURN,                §
                                 §
          Plaintiff,             §
                                 §
VS.                              §   CIVIL ACTION H-12CV3678
                                 §
AMERICAN GENERAL LIFE AND        §
ACCIDENT INSURANCE COMPANY,      §
                                 §
          Defendant.             §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, removed from state court on diversity jurisdiction[1] and claiming wrongful denial of life insurance policy benefits following the death of Plaintiff and alleged beneficiary Geraldine Coburn's daughter, are two motions simultaneously filed by Plaintiff: (1) unopposed motion for leave to file amended complaint (instrument #5) and (2) opposed motion to remand (#6).

In her Original Petition (#1, Ex. C), Plaintiff alleges causes of action for breach of contract, bad faith violation of the prompt payment statutes under the Texas Insurance Code, and bad faith by engaging in unfair and deceptive practices in violation of the Texas Deceptive Trade Practices Act ("DTPA"). She seeks to recover $35,000 under the policy, treble damages, mental anguish damages,

---

[1] Plaintiff is a citizen of Texas, while Defendant is a corporation existing under the laws of the state of Tennessee with its principal place of business in Tennessee.

-1-

and costs and attorney's fees.[2] Attached to her motion for leave to amend, her proposed amended complaint nonsuits her DTPA claim and the corresponding treble damages under it and states, "It appears *highly* unlikely that the amount recovered by Plaintiff in this case exceed[s] $74,999.99." Ex. A to #5. Her motion to remand in essence urges that the $75,000 amount in controversy required for removal on diversity grounds is not met here and the Court should remand this case. 28 U.S.C. § 1332(a)("The district courts shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(a) citizens of different states . . . .").

The Court agrees with Defendant American General Life and Accident Insurance Company that the Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the

---

[2] Attorney's fees may be included in the total amount in controversy if a state statute provides for them. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *H&D Tire & Automatic Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990), *citing* 14A C. Wright & A. Miller, *Federal Practice & Procedure* § 3712 at 176 (2d ed. 1985)("The law is now quite settled that attorney's fees are a part of the matter in controversy when they are provided for by contract or by state statute."). "Under Texas law, a party who recovers damages for a breach of contract claim may recover reasonable attorney's fees. Tex. Civ. Prac. & Rem. Code § 38.001(8) (Vernon 1997); *Green Int'l Co. v. Solis*, 951 S.W. 2d 384, 390 (Tex. 1997). If a party has recovered on such a claim, an award of reasonable fees in mandatory. *Mathis v. Exxon Corp.*, 302 F.3d 448, 462 (5th Cir. 2002)." *Flourine On Call, Ltd. v. Fluorogas Ltd.*, 380 F.3d 849, 866 (5th Cir. 2004).

amount in controversy." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880. 882 (5th Cir. 2000). The federal district court first looks to the plaintiff's state court petition. *Id.; Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). Texas law prohibits a plaintiff from pleading for specific amounts in cases of unliquidated damages. Tex. R. Civ. P. 47; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir.), *cert. denied*, 516 U.S. 865 (1995). If the state petition does not specify the amount in controversy the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Luckett*, 171 F.3d at 298, *citing De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1992). The defendant can either demonstrate that it is "facially apparent" that the claims are likely to be above $75,000 (looking at the types of claims and the nature of the damages sought) or in a summary judgment-like procedure submit affidavits or other documentary evidence that supports a finding of the requisite amount. *Manguno*, 276 F.3d at 723; *Allen v. R&H Oil & Gas. Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995). Significant here, a post-removal filing of an amended complaint reducing the amount in controversy below the statutory minimum does not defeat the court's jurisdiction or justify remand. *See, e.g., St. Paul Mercury*, 303 U.S. at 292-93 (Post-removal amendment to complaint or stipulation limiting damage did not require remand); *Gebbia*, 233

F.3d at 883 ("[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction."); *Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706 (S.D. Tex. 2002)(finding it was facially apparent from the state court petition that plaintiff's claimed damages were likely to exceed the statutory minimum because they included *inter alia* treble damages and attorney's fees under the Texas Insurance Code and that plaintiff's post-removal amended complaint reducing the amount claimed could play no role in court's consideration of a motion to remand, the court denied the motion).

If the defendant shows that the amount in controversy is likely to be met, to secure a remand the plaintiff must prove that it is "legally certain" that its damages will be less than $75,000. *De Aguilar*, 47 F.3d at 1412, *citing St. Paul Mercury*, 303 U.S. at 289.

Defendant here has shown from allegations in Plaintiff's Original Complaint that it is highly likely that the amount in controversy exceeds the $75,000 requirement.  Plaintiff has expressly sought to recover actual damages from the $35,000 life insurance policy, plus treble damages associated with her DTPA claim, attorney's fees, and costs.  Included in the amount of controversy are penalties, statutory damages, punitive damages, potential attorney's fees, and treble damages under the DTPA and

-4-

the Texas Insurance Code. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Andrade v. Standard Guar. Ins. Co.*, Civ. A. No. H-10-987, 2010 WL 2521021, *2 (S.D. Tex. June 15, 2010); *Wofford v. Allstate Ins. Co.*, No. Civ. A. 304CV2699-M, 2005 WL 755761, *2 (N.D. Tex. Apr. 4, 2005)(including actual damages, statutory penalties under the Texas Insurance Code, treble damages under the DTPA if Allstate knowingly committed acts violating the Code, costs, and attorney's fees in calculating amount in controversy in an insurance case alleging breach of contract, bad faith, violations of the DTPA and the Texas Insurance Code and gross negligence and finding the statutory minimum was satisfied and denying motion to remand). Defendant calculates that treble damages alone on the $35,000 in actual damages under the policy results in the amount in controversy adding up to $105,000, without even addressing attorney's fees. Thus Defendant maintains that the case was properly removed, jurisdiction attached, and Plaintiff's attempt to obtain a remand by amending her complaint now does not divest this Court of jurisdiction.

Here Plaintiff does not attempt to show that pursuant to her Original Petition it is "legally certain" that her damages will be less than $75,000, but instead seeks to amend her complaint to delete a cause of action and treble damages, to bring theme below the requisite amount.

As a matter of black letter law, subsequent events, including

amendment of the complaint, that lower the amount in controversy to less that $75,000 will not divest the court of diversity jurisdiction once the defendant has removed the case and jurisdiction has attached. *St. Paul Mercury*, 303 U.S. at 292-93 (Post-removal amendment to complaint or stipulation limiting damage did not require remand); *Gebbia*, 233 F.3d at 883 ("[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction.").

The Court agrees with Defendant.  Accordingly, the Court

ORDERS that Plaintiff's motion to remand is DENIED (#6) and her motion for leave to amend (#5) is GRANTED.  Moreover Plaintiff has asked the court for an award of costs, expenses and attorney's fees under § 1447(c).  When it remands a case, the district court has the discretion to award the "payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal."  28 U.S.C. §  1447(c).  That discretion has limits: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Marin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  In deciding whether to grant such an award, the court "'do[es] not consider the motive of the removing defendant," but "considers the objective merits of removal at the time of removal, irrespective of the ultimate remand."  *Diaz*

*v. Cameron County, Texas*, 300 Fed. Appx. 280, 281 (5th Cir. Nov, 19, 2008), *quoting Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000).  If an objectively reasonable basis for removal exists, attorney's fees should be denied.  *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010), *citing Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004).  Accordingly, because Defendant had an objectively reasonable basis for removal here, the Court

    ORDERS that Plaintiff's request for an award under § 1447(c) is DENIED.

    **SIGNED** at Houston, Texas, this 22nd day of May, 2013.

                                             */s/ Melinda Harmon*
                                               MELINDA HARMON
                                      UNITED STATES DISTRICT JUDGE